■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONNIE SPEARS, Also Known as DONALD BING, Appellant. [773 NYS2d 620]—

Crew III, J. Appeal from a judgment of the County Court of Tompkins County (Rowley, J.), rendered April 12, 2002, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and forgery in the second degree.

Defendant was indicted and charged with criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and three counts of forgery in the second degree as a result of incidents that took place on December 16, 1998 in Tompkins County. Following a jury trial in January 1999, County Court submitted for the jury's consideration a single count of forgery and criminal sale of a controlled substance, and defendant was convicted accordingly. Defendant's conviction thereafter was vacated upon his motion pursuant to CPL 440.10.

A second trial was held in January 2002 at which County Court submitted for the jury's consideration a single count of forgery, criminal sale of a controlled substance and, unlike the first trial, criminal possession of a controlled substance. Defendant was found guilty of forgery, but the jury announced its inability to reach a verdict on the drug counts and County Court declared a mistrial. Thereafter, defendant was retried on the drug counts and found guilty as charged. Defendant was sentenced to concurrent terms of 5 to 10 years on the drug counts and 2 to 4 years on the forgery count. Defendant appeals.

Initially, we reject defendant's contention that County Court erred in submitting the criminal possession of a controlled substance count to the juries at the second and third trials. While it is clear that County Court in the first trial had discretion as to how many concurrent counts it would submit to the jury (*see* CPL 300.40 [3], [4]) and, further, that its failure to submit the possession count constituted a dismissal thereof (*see*

CPL 300.40 [7]), it is equally clear that when defendant's first conviction was vacated as a result of his CPL 440.10 motion, all counts of the original indictment were preserved for retrial (see CPL 440.10 [6]). Thus, County Court was free to submit the drug possession count to the jury at the second trial and again upon retrial following the hung jury at the second trial. We have considered defendant's remaining contentions and find them equally without merit.

Mercure, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.